## AUSTRALIAN KNITTING CO. v. WRIGHT'S HEALTH UNDERWEAR CO.

(Circuit Court, S. D. New York.   February 19, 1902.)

PATENTS—INFRINGEMENT—KNITTING MACHINES.

The Kinsey patent, No. 424,314, for a burr wheel for knitting machines, *held* not anticipated, valid, and infringed.

In Equity.   Suit for infringement of letters patent No. 424,314, for a burr wheel for knitting machines, granted to Peter S. Kinsey March 25, 1890.   On final hearing.

W. P. Preble, for plaintiff.

George A. Mosher, for defendant.

WHEELER, District Judge.   This suit is brought for alleged infringement of patent No. 424,314, dated March 25, 1890, and granted to Peter S. Kinsey, assignor to the plaintiff, for a burr wheel for knitting machines.   The improvement is in having cams on the sides of the blades for closing the barbs of the needles to cast off stitches in making particular patterns of goods, instead of having separate blocks between the blades for that purpose.   The claim is for:

"The combination, with a hub having obliquely extended slots upon its periphery, and provided with a recess in its upper face, of blades made to enter said peripheral slots and said recess in the hub top, certain of said blades each having thickened portions or enlargements upon one of its sides, and a cap constructed to be passed down over the hub and upper ends of the blades and secured to the hub, substantially in the manner as and for the purposes set forth."

The defenses relied upon in the brief and argument are, principally, patent No. 240,008, dated April 12, 1881, and granted to Swits Conde, for a burr for knitting machines, which is said to show such a cam on some of the blades for that purpose; lack of adequate proof of infringement; and laches.

The Conde patent is said to show some blades with such cams upon them, by the drawings.   There are drawings of blades which might, if set out by corresponding description, be understood to show such cams upon, and as a part of, them.   But the description says, "One of said burrs being of the ordinary construction, and filling every needle with thread, while the other has a certain number of the interstices between its thread-lifting teeth or wings filled with a block which presses against and closes the beards of certain needles, and thus causes its thread to skip over the said needles, carrying the single thread applied thereto by the other aforesaid burr"; and the claim includes "the filling blocks, c, arranged between the said two series of wings."   What are shown in the description and claim are interstices filled with blocks between, not a part of, the blades or wings.   What the patent shows is what it sets forth as a whole; and what appears

on a drawing that might be what is described, or something else, would well be taken to be what is described, especially as that was a thing well known. This invention cannot, therefore, be justly said to be described or shown in that patent. The date of use shown by the parol evidence is not sufficiently clear as having been before Kinsey's invention to overthrow a patent, and appears to have been properly omitted from the defendant's points.

The proof of infringement is a stipulation in the record that the defendant "has at one time since the date of the patent in suit, and prior to the filing of this bill, used burrs or loop wheels like the one offered in evidence." This is said not to show use of the combination of the claim; but as the pith of the invention is the use of blades with the cam, or enlargement, as the claim calls it, on one of their sides, in a hub, the use admitted is considered to be the hub of the patent, or its equivalent, for the purposes of the patent.

The suit is brought within the life of the patent, according to the plaintiff's right; and there is nothing showing that this right has been lost, or that this exercise of it is too inequitable to be allowed.

Decree for plaintiff.